## THE WICKENS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16476. Promulgated June 10, 1929.

*L. B. Fauver, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

## OPINION.

Smith: The first point made by the petitioner is that the respondent has erroneously disallowed the deduction of $6,801.27 for the year 1918 and $10,331 for 1919 as compensation of its officers. These amounts represent items shown on the taxpayer's books of account as dividends to E. M. Wickens and Elizabeth Lewis. The amounts were drawn from a special fund maintained by the petitioner for the purpose of paying this additional compensation. The record indicates that from this special fund additional compensation was paid to some other individuals than the two above mentioned. The evidence also indicates that in some instances dividends were paid upon all the shares of stock outstanding and in other instances on only a portion of the stock outstanding and that other individuals than the stockholders received some of the distributions.

The Revenue Act of 1918 permits a corporation to deduct from gross income, among other items, " a reasonable allowance for sal-

aries or other compensation for personal services actually rendered." Section 234 (a) (1). It is immaterial in what form or manner the compensation is paid. The mere fact that it is distributed to officers in accordance with their stockholdings will not render it nondeductible, provided it is paid as compensation and the amount is reasonable. The bookkeeping of the transaction is not controlling. *Mitchell Brothers Co.* v. *Doyle*, 247 U. S. 179.

In the instant case it is difficult to determine the amount that was actually distributed as additional compensation to E. M. Wickens and Elizabeth Lewis from the amounts paid to them as dividends upon their stock. The respondent has introduced in evidence the individual income-tax returns of E. M. Wickens and Elizabeth Lewis for 1919. The return of the former shows that he received a salary from the petitioner for 1919 of $5,000 and the return of the latter shows that she received a salary of $2,800. E. M. Wickens shows the receipt of $5,000 as dividends although it is not certain that these dividends were upon the stock of the petitioner owned by him. In this state of the record we are of the opinion that reasonable compensation for E. M. Wickens constitutes $5,000 per year for each of the years 1918 and 1919, and that reasonable compensation for Elizabeth Lewis was $2,800 for each of the taxable years and that these amounts were paid by the corporation as compensation. The petitioner is therefore entitled to deduct from gross income in determining tax liability a total of $7,800 for each of the taxable years for compensation of E. M. Wickens and Elizabeth Lewis.

The second question presented is the correctness of the disallowance by the respondent of $11,086.28 as a reduction in the inventory at December 31, 1918. Section 203 of the Revenue Act of 1918 provides:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

The first regulation of the Commissioner, with the approval of the Secretary, authorizing the use of inventories upon other bases than cost appears to have been Treasury Decision 2609, which was promulgated December 19, 1917. This was under the Revenue Act of 1917. Treasury Decision 2649, promulgated January 30, 1918, and Treasury Decision 2744, promulgated July 3, 1918, likewise authorized the taking of an inventory upon the basis of either (a) cost, or (b) cost or market, whichever is lower. The same regulations were continued in effect under the Revenue Act of 1918. See

972

articles 1582, 1583, and 1584 of Regulations 45 (1920 Edition). In all of these regulations it is provided that corporations filing income-tax returns may elect to take inventories upon either of the above bases, but that after a return has been made upon one basis a change can not be made for subsequent years until " after permission is secured from the Commissioner."

For the purpose of inventories any income-tax return is to enable the taxpayer correctly to determine his income. The only inventory about which any question is raised in the instant proceeding is that of December 31, 1918. Under the Commissioner's regulations petitioner was entitled to take this on the basis of cost or market, whichever is lower. The market was lower than cost. We are satisfied from the evidence that the markdown of the inventory made by the petitioner at December 31, 1918, was in an honest effort to bring the inventory to the basis of cost or market, whichever was lower. It effected that result. We are therefore of the ·opinion that it was error of the respondent to disallow the reduction made.

The inventory at December 31, 1919, was taken at cost. It is in evidence, however, that the inventory had always been taken on the basis of the market. It is found therefore that the inventory at December 31, 1919, taken on the basis of cost was in effect on the basis of cost or market, whichever is lower, since the cost and the market were the same. We therefore think that the inventories at the close of 1918 and 1919 were consistently on the basis of cost or market, whichever is lower.

It is apparent that inasmuch as the respondent has increased inventory at December 31, 1918, and has increased taxable income for 1918 in the amount of the increase, namely, $11,086.28, the inventory at January 1, 1919, which formed the basis for the respondent's computation of deficiency for 1919, was overstated in a like amount, namely, $11,086.28. The deficiencies for 1918 and 1919 should be computed upon the basis that the correct inventory at both December 31, 1918, and January 1, 1919, was $99,776.55.

*Judgment will be entered under Rule 50.*